[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on July 21, 1973 in Easton, Massachusetts. Her birth name was Mullin. Two children were born to the wife, both are issue and minors, to wit: Victoria Miriam Holt, born May 9, 1979; and Virginia Evelyn Holt, born May 20, 1980.
The marriage has broken down irretrievably, there is no prospect for a reconciliation, and a decree of dissolution may enter.
Although this is a marriage of twenty-one years, the parties have been separated for two years.
The husband is forty-six years old and the wife is forty-two years old. The husband is in good health, while the wife testified that she suffers from post-traumatic distress syndrome. Although the wife is not working, the court is not convinced that any of her physical complaints are a cause of her unemployment. In fact, she has made little effort to find employment and is currently receiving assistance from the State of Massachusetts. CT Page 9030
The husband's employment is not much brighter. Although he has had annual earnings considerably in excess of $100,000, he currently shows a weekly net income of approximately $160. He, too, has failed to convince the court that he has exerted sufficient effort to find better paying employment.
The plaintiff lives with his girlfriend in the marital premises, which premises are in the process of foreclosure. He has failed to pay the mortgage for approximately two years.
There was substantial testimony given to the court by both parties as to the cause of the breakdown of the marriage. The court need not recite the charges and counter-charges since it would serve little purpose. Suffice it to say that the court is compelled to find that, although the wife may have contributed to the breakdown, the husband's behavior was, by far, the major contributing cause of the breakdown.
Having considered all of the evidence, and the mandates of Connecticut General Statutes, Secs. 46b-81,46b-82 and 46b-84, the court further finds and orders as follows:
1. Custody of the minor children shall vest with the wife with no visitation rights to the husband at this time. The Family Services office is conducting a study and upon completion of the study, the court will again revise the issue of visitation.
2. The husband shall pay to the wife the sum of $110 per week as child support. This is the amount proffered by the husband and exceeds the guidelines. The court, therefore, find the guidelines inapplicable.
3. The husband shall provide medical and dental insurance for the benefit of the minor children as available through his employment. All unreimbursed medical and dental expenses shall be divided equally between the husband and the wife. These orders are entered subject to the provisions of Connecticut General Statutes, Sec. 46b-84c.
4. The husband shall pay to the wife as periodic CT Page 9031 alimony the sum of $25 per week, which alimony shall terminate upon the happening of the first of the following events:
(a) death of either party;
(b) remarriage by the wife;
(c) ten years from the date of this decision.
Alimony shall be non-modifiable as to term.
5. The husband shall pay to the wife as lump sum alimony, the sum of $7,500 which shall be paid at the rate of $100 per month commencing January 1, 1997.
6. The husband will be responsible for all of the liabilities on his financial affidavit and shall hold the wife harmless and indemnify her for any and all claims.
7. The wife shall be responsible for all of the liabilities on her financial affidavit, except for the state and federal taxes, and shall hold the husband harmless. It is the intention of the order that the husband be solely responsible for the payment of all federal and state taxes.
8. The wife shall quitclaim all of her right, title and interest in the marital home to the husband. He shall be responsible for the payment of the mortgage, taxes, insurance and any deficiency judgment that may arise as the result of any legal proceedings.
9. Each of the parties shall be responsible for his or her own costs and attorney's fees.
10. Personal property shall be distributed in accordance with Schedule A.
Mihalakos, J.
SCHEDULE A
MR. HOLT CT Page 9032
1. Taittinger Lamps;
2. Oval mirror previously hung in hallway;
3. Green Oriental rug in living room;
4. Oriental rug in dining room;
5. JPH sterling silver napkin rings (wedding present);
6. Two set of demitasse spoons (sterling silver);
7. Grandmother's china including porcelain animal figurines and white danish children figurines; and
8. Dine English Windsor rocking chair
MRS. HOLT
1. Dining room set left my Mrs. Holt (Sold);
2. 1988 Jeep Cherokee (Sold);
3. Peter's Aunt Virginia's Japanese chou table (returned to Aunt Virginia per her request);
4. Three Adirondack wooden lawn chairs;
5. Top-of-the-line Weber cooker;
6. Antique marble clock;
7. Miss Brickett's antique prayer rug;
8. One-Half value of remaining wine cellar (Sold. Remains taken by Mrs. Holt when she returned to the residence in December of 1992);
9. Sears Freezer;
10. 2 Computer stands;
11. Honda Lawn mower (Disappeared in October of 1992. Assume Mrs. Holt picked it up); CT Page 9033
12. Artificial Christmas Tree (1/2 in attic, other 1/2 not found);
13. Christmas Decorations;
14. CD Collection;
15. Brother typewriter (Mrs. Holt already has);
16. An earring;
17. One of Tori's black paddock boots;
18. 4-5 trash cans (Only three);
19. Chimes; and
20. Books.